**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WINGZ AND THINGZ 1,

                                             Case No. 11-11006

    Plaintiff,                         Hon. Lawrence P. Zatkoff

v.

PENN-STAR INSURANCE CO.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 23, 2012.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Order to Allow Late Filing [dkt 24], and Plaintiff's Motion to Allow filing of Supplemental Witness List [dkt 28]. The Motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's Motion for Order to Allow Late Filing is GRANTED and Plaintiff's Motion to Allow filing of Supplemental Witness List is DENIED.

## II. BACKGROUND

On May 26, 2011, this Court issued a Scheduling Order directing the filing of trial witness list in January 2012. On August 24, 2011, upon the stipulation of the parties, the Court

ordered an extension of discovery from January 21, 2012 to April 20, 2012. This order did not affect any other dates in the Scheduling Order.

On October 26, 2011, the Court entered an Order allowing Plaintiff's previous counsel to withdraw from this case. This order also extended deadlines for discovery, dispositive motions, the final pre-trial conference, and trial dates, by approximately two months. This order, however, did not affect the deadline for filing witness lists.

On November 15, 2011, Plaintiff's current counsel entered his appearance on Plaintiff's behalf. At that time, the active dates regarding discovery, dispositive motions, final pre-trial and trial were governed by the Court's October 26, 2011, order [dkt 19]. The deadline for witness list exchange, unaltered since the Court entered its Scheduling Order, remained January 11, 2012.

On January 13, 2012, Defendant filed its witness list. Defendant's witness list is identical to the list set forth in the parties' joint case summary.

On March 5, 2012, Plaintiff filed a trial witness list and subsequently filed a motion to either permit this late filing or to extend the time for filing witness lists. On May 3, 2012, before the Court had ruled on Plaintiff's previous motion to permit the untimely witness list, Plaintiff filed a supplemental witness list and yet another motion asking the Court to permit the second untimely witness list.

### III.  LEGAL STANDARD

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock*

*Fin. Corp.*, 281 F. 3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citations omitted)).

## IV.  ANALYSIS

The Court finds that, in the interests of justice, and given that Plaintiff retained new counsel in this case, Plaintiff will be allowed to submit its first witness list, filed with the Court on March 5, 2012.  This date is in accord with the Court's previous orders extending all other Scheduling Order dates by two months.

The Court, however, finds no "good cause" for Plaintiff to have filed the supplemental witness list on May 3, 2012—nearly *four months* after the actual deadline, and *two months* after its first untimely witness list.  Plaintiff's counsel entered an appearance in November of 2011, and at that point was fully apprised of the Court's deadlines.  In making untimely filings and also not indicating to the Court any alleged question or confusion with respect to the witness list deadline, Plaintiff's counsel has failed to show diligence in attempting to meet the Scheduling Order's deadlines.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiff's Motion for Order to Allow Late Filing [dkt 24] is GRANTED; the Court shall permit Plaintiff's witness list filed on March 3, 2012.

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow filing of Supplemental Witness List [dkt 28] is DENIED.

IT IS SO ORDERED.

Date:   May 23, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE
