UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINGZ AND THINGZ 1,

                                                  Case No. 11-11006

      Plaintiff,                     Hon. Lawrence P. Zatkoff

v.

PENN-STAR INSURANCE CO.,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 3, 2012.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Strike Witness Lists [dkt 32] and to Strike Defendant's Motion for Summary Judgment [dkt 36].  The Motion to Strike Witness Lists has been fully briefed.  Defendant has not yet responded to the Motion to Strike Defendant's Motion for Summary Judgment, and no response is necessary at this time.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without oral argument.  For the following reasons, Plaintiff's Motions are DENIED.

## II.  BACKGROUND

**A. MOTION TO STRIKE DEFENDANT'S WITNESS LIST**

On May 26, 2011, the Court issued a Scheduling Order directing the filing of trial witness list in January 2012.  On August 24, 2011, upon stipulation of the parties, the Court ordered an extension of discovery from January 21, 2012 to April 20, 2012.  This order did not affect any other dates in the Scheduling Order.

On October 26, 2011, the Court entered an Order allowing Plaintiff's previous counsel to withdraw from this case.  This order also extended deadlines for discovery, dispositive motions, the final pre-trial conference, and trial dates, by approximately two months.  This order, however, did not affect the deadline for filing witness lists.

On November 15, 2011, Plaintiff's current counsel entered his appearance on Plaintiff's behalf.  At that time, the deadlines regarding discovery, dispositive motions, final pre-trial conference and trial were governed by the Court's October 26, 2011, order [dkt 19].  The deadline for dispositive motions was April 18, 2012.  The deadline for witness list exchange, unaltered since the Court entered its Scheduling Order, remained January 11, 2012.  On January 13, 2012, Defendant filed its witness list.

On March 5, 2012, Plaintiff filed its witness list and a motion to either permit this late filing or to extend the time for filing witness lists.  On May 3, 2012, before the Court had ruled on Plaintiff's previous motion to permit the untimely witness list, Plaintiff filed a supplemental witness list and yet another motion asking the Court to permit the second untimely witness list.  On May 23, 2012, the Court entered an order permitting Plaintiff's untimely witness list filed on March 5, 2012, and denying Plaintiff's request to file the supplemental witness list filed on May 3, 2012.

On June 6, 2012, Plaintiff filed its motion seeking to strike Defendant's witness list—filed on January 13, 2012—as untimely.

**B. MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On June 20, 2012, Defendant filed a Motion for Summary Judgment. Defendant states that the basis for the motion arose after the deposition of Angela Suleiman, the sole shareholder and operator of Plaintiff, which occurred on May 25, 2012. According to Defendant, information disclosed by Suleiman during the deposition precludes Plaintiff from claiming any insurance proceeds in this case. On June 26, 2012, Plaintiff filed a Motion to strike Defendant's Motion for Summary Judgment as being untimely, since the deadline for dispositive motions was April 18, 2012.

### III. LEGAL STANDARD

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citations omitted)).

### IV. ANALYSIS

**A. MOTION TO STRIKE DEFENDANT'S WITNESS LIST**

The Court finds that Defendant's witness list, despite being filed two days after the January 11 deadline, in no way prejudiced Plaintiff in this case. Although Defendant did not move for leave to file its witness list, Defendant has displayed diligence in complying with the Court's orders, and its witness list is identical to the preliminary list provided by the parties in their joint case summary. As such, the Court declines to strike Defendant's witness list.

The Court does, however, question Plaintiff's reasons for moving to strike Defendant's two-day late witness list. The fact that Plaintiff challenges Defendant's witness list despite the fact that Plaintiff was permitted to file its own witness list *two months* after the deadline is curious, and perhaps even disingenuous to the Court. The Court reminds the parties that filing frivolous motions may result in the Court's sanctioning of the parties or their respective counsel.

### B.  MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant states that certain information was discovered during the May 25, 2012, deposition of Angela Suleiman, namely that the property at issue in this case was neither owned by Plaintiff when the building was insured nor at the time of the fire. The deposition took place before the discovery deadline and Defendant filed the motion shortly after the deposition. As such, good cause exists to allow the Court to extend the deadline for dispositive motions to allow Defendant to file its Motion for Summary Judgment. Plaintiff may, of course, file a response in accordance with E.D. Mich. L.R. 7.1.

### V.  CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiff's Motion to Strike Witness Lists [dkt 32] and Motion to Strike Defendant's Motion for Summary Judgment [dkt 36] are DENIED.

IT IS SO ORDERED.

Date:   July 3, 2012

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                U.S. DISTRICT JUDGE