UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINGZ AND THINGZ 1, INC.,

                                                Case No. 11-11006

    Plaintiff,                                  Hon. Lawrence P. Zatkoff

v.

PENN-STAR INSURANCE CO.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Reconsideration [dkt 45]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiff's motion for reconsideration is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion is DENIED.

### II. BACKGROUND

Plaintiff's motion challenges the Court's December 5, 2012, Order granting Defendant's Motion for Summary Judgment [dkt 4]. In its December 5, 2012, Order, the Court found that due to Plaintiff submitting questionable invoices to support an insurance claim, and to Plaintiff's reliance on an unsigned, unsworn "affidavit" to create a genuine issue of fact, Defendant was not required to pay Plaintiff's claim and was therefore entitled to summary judgment.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Plaintiff's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Plaintiff's motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiff's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). Notwithstanding these failures, the Court will nevertheless briefly address certain of Plaintiff's arguments.

*1. Unsigned/Signed Affidavits*

In its December 5, 2012, Order, the Court found that Plaintiff's repeated reliance on an "affidavit" from Angela Suleiman was insufficient to create a genuine dispute of fact, since the affidavit was not notarized, signed, or sworn. In the instant Motion, Plaintiff argues that the purported affidavit was "in fact sworn to under oath and signed prior to the filing of same." Plaintiff's Counsel claims that he "inadvertently attached blank preparatory affidavits instead of the signed and sworn Affidavits" that were attached to the instant Motion. Plaintiff requests that the Court reconsider its December 5, 2012, Order while considering the attached notarized affidavit in place of the previously submitted "affidavit."

2

Plaintiff asserts that "[t]here was no intent to trick or deceive the Court" and that he "made a major error" by inadvertently submitting two "unsigned and unsworn Affidavits" that were actually "signed and sworn to." Plaintiff thus appears to characterize the unsigned and signed documents as being identical with the exception of the signature on the latter. This characterization, however, is faulty. The merely "unsigned and unsworn" affidavit was significantly different than the affidavit attached to this Motion. This indicates an attempt to mislead the Court by replacing sworn statements by Suleiman that were damaging to Plaintiff's case with benign, unsworn statements.

Among the several modifications and omissions between the signed and unsigned affidavits, the Court addresses two in particular. Notably, the signed affidavit attached to this Motion contains the following statement made by Suleiman in regard to an invoice she submitted for payment from Defendant. The invoice was purportedly from A & S Construction ("A & S"), which was owned and operated by Waseem Shamoun. According to the notarized affidavit, Suleiman claimed:

> I signed [the invoice] as did Waseem Shamoun[,] and I paid one half of the contract price at the time in the amount of $17,825.00. Mr. Shamoun did not complete the work because of fire and I never paid him the balance of the contract.

This statement, however, was omitted from the unsigned "affidavit" Plaintiff submitted to the Court previously. Moreover, as is the case with several of Suleiman's statements, the above statement directly contradicted statements previously made by her under oath:

> Q. You mentioned that you spent approximately $30,000 on repairs to the Seven Mile building?
> A. Yes.
>   ***
> Q. How did you pay for those repairs?
> A. Well, on the one for Seven Mile, I paid—well, they were all paid in cash. Gave them half when they started and half when they were done, the rest when they were done.
> Q. Who did the repairs at Seven Mile?
> A. A & S.

3

*See* Dkt. 35, Ex.G, at 23.  Thus, Suleiman either misrepresented facts at her examination under oath, or she misrepresented facts in her affidavit.  In doing so, she also violated the "Concealment, Misrepresentation or Fraud" provision of the Policy which states:

> A.  CONCEALMENT, MISREPRESENTATION OR FRAUD
>
> This Coverage Part is void *in any case of fraud* by [Plaintiff] as it relates to this Coverage Part at any time.  It is also void if [Plaintiff] or any other insured, at any time*, intentionally conceal*[*s*] *or misrepresent*[*s*] *a material fact* concerning:
>
> 1. This Coverage Part
> 2. The Covered Property;
> 3. [Plaintiff's] interest in the Covered Property; or
> 4. A claim under this Coverage Part.

(emphasis added).

Despite swearing in her affidavit that she only paid A & S $17,825.00, Suleiman stated under oath that she paid A & S approximately $30,000 and sought to recover $36,650.00 from Defendant for the work A & S allegedly performed.  Additionally, the Court finds it noteworthy that in the signed affidavit, Suleiman states that both she and Shamoun signed the A & S invoice.  Yet, in the unsigned affidavit submitted to the Court, Suleiman indicates that she signed for A & S, having been authorized to do so.

Further, Plaintiff's counsel appears to have also omitted from the sworn affidavit certain of Suleiman's statements that indicate her acknowledgement that she made prior misrepresentations and, to some extent, submitted false documents.  According to Suleiman:

> At the time of the loss and my Examinations Under Oath I was confused and in distress from what had happened . . . .  I was persuaded by Penn Stars attorney, Michael Black, *who forced me to provide documentation in support of my claim, thought I kept telling him the documents I had were all burnt in the fire. . . .  Some [mis]statements that were made could have been material* but there has been no fraud, nor misrepresentation, I answered the questions as best as I could and provided the supporting documents I had or could get.

(errors in original, emphasis added).

4

Last, the Court notes in passing that Plaintiff's Counsel appears to place blame on the Court for his alleged oversight in regard to the affidavits. In the instant motion, Plaintiff's Counsel notes:

> It does seem untoward that no one from the Court's staff inquired as to whether the signed and sworn Affidavits existed in this day of electronic filings and its challenges. No one ever queried if the unsigned and unsworn Affidavits were just a ministerial error.

The Court emphasizes that there is nothing "untoward" about the Court not doing Plaintiff's Counsel's job for him. As a self-proclaimed "Master Attorney and Counselor"[1] with 35 years of experience[2], Plaintiff's Counsel should not rely on the Court to guide him through the "challenges" of the electronic filing system used in this District since 2002.

### 2. Fraud/Misrepresentation

Plaintiff sets forth another meritless argument in regard to the Policy's Fraud/Misrepresentation Provision. In its December 5, 2012, Order, the Court noted:

> As only a single instance of fraud is required to void the Policy under its terms, the Court is, at this point, well within its discretion to grant Defendant's Motion. Notwithstanding this, Defendant is entitled to summary judgment on additional grounds.

Plaintiff argues that the policy language relied upon by the Court to grant summary judgment does not say anything about an "instance of fraud," that the correct language is "case of fraud," and that there are no proofs or determination that a "case of fraud" has been proven. Plaintiff even goes so far as to say that "even 4 false documents[] is not proof of fraud." According to Plaintiff "the Court has misconstrued the policy as if any document provided that may be false is to be construed as a 'case of fraud' when instead the Court must make a much broader determination that the overall activity of the Claimant is a 'case of fraud' or at least that the "insured, at any time, intentionally conceals or misrepresents a material fact[.]" Plaintiff's argument is misplaced.

---

[1] http://reifmanlawfirm.com/

[2] http://reifmanlawfirm.com/RLF_Background.html

Plaintiff provides no authority to support his preferred reading of the term "case of fraud," and the plain meaning of the term supports the Court's finding. Fraud is a "misrepresentation made recklessly without belief in its truth to induce another person to act." *See* FRAUD, Black's Law Dictionary (9th ed. 2009). Suleiman misrepresented material facts by claiming during her examination under oath that she paid the total of the A & S invoice and by seeking to recover that amount from Defendant. As discussed, Plaintiff's assertions are belied by Suleiman's signed affidavit, wherein she states that she paid A & S $17,825.00 and did not pay the remainder of the invoice. Apart from other deficiencies in Plaintiff's case, this misrepresentation alone is sufficient to trigger the Policy's fraud/misrepresentation provision. No reasonable jury could find otherwise.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [dkt 45] is DENIED.

IT IS SO ORDERED.

Date: February 1, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT